UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEBRIAL RASMY
55 Whippoorwill lane
Sparta NJ 07871

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Marriott international, inc
A/B/A JW Marriott Essex
House Hotel 160 CPS NY NY 10019

*(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the space
provided, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of names.
Typically, the company or organization named in your charge
to the Equal Employment Opportunity Commission should be
named as a defendant. Addresses should not be included here.)*

**16CV 4865**

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial: ☐ Yes  ☐ No
*(check one)*

*[Stamp: RECEIVED SDNY PRO SE OFFICE 2016 JUN 22 PM 12:16 S.D. OF N.Y.]*

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

✓  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
*NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

___  Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
*NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

___  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
*NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

✓  New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

✓  New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

## I. Parties in this complaint:

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff  Name GEBRIAL RASHY
Street Address 55 whippoorwill lane
County, City Sparta
State & Zip Code NJ 07871
Telephone Number 973-440-7465

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant Name Marriott international, inc
Street Address A/B/A JW Marriotte ESSEX House Hotel
County, City 160 CPS NYC
State & Zip Code NY 10019
Telephone Number 212-247-0300

C. The address at which I sought employment or was employed by the defendant(s) is:

Employer JW Marriott ESSEX House Hotel
Street Address 160 CPS
County, City NYC
State & Zip Code NY 10019
Telephone Number 212-247-0300

## II. Statement of Claim:

State as briefly as possible the facts of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

    ☐ Failure to hire me.

    ☑ Termination of my employment.

    ☐ Failure to promote me.

    ☐ Failure to accommodate my disability.

    ☐ Unequal terms and conditions of my employment.

_____  Retaliation. *verbaly and physically abused with racial slares*
_____  Other acts (specify): *Hustil work envirsment;* _____.

Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B. It is my best recollection that the alleged discriminatory acts occurred on: *August 2015* *started in jan 2013*
Date(s)

C. I believe that defendant(s) (check one):

_____ ✓  is still committing these acts against me.

_____  is not still committing these acts against me.

D. Defendant(s) discriminated against me based on my (check only those that apply and explain):

☑ race _____        ☐ color _____

☐ gender/sex _____   ☑ religion *CHRISTIAN*

☑ national origin *EGYPTIAN*

☐ age.  My date of birth is _____ (Give your date of birth only if you are asserting a claim of age discrimination.)

☐ disability or perceived disability, _____ (specify)

E. The facts of my case are as follow (attach additional sheets as necessary):

*See attachment*
_____
_____
_____
_____
_____
_____
_____

Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

III. **Exhaustion of Federal Administrative Remedies**:

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: *May 2013 and on Dec 2014 and 06/16* (Date).

B. The Equal Employment Opportunity Commission *(check one)*:

_____ has not issued a Notice of Right to Sue letter.

__✓__ issued a Notice of Right to Sue letter, which I received on _March 29, 2016_ *(Date)*.

*Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C. Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____ 60 days or more have elapsed.

_____ less than 60 days have elapsed.

## IV. Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _pain and suffering compensation, compensation f loss of income, loss of future income, compensation f caused stress and illness in the amount of $ one million $1,000,000_

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _GR_ day of _06/22_, 20_16_.

Signature of Plaintiff _[signature]_

Address _55 whippoorwill lane_
_Sparta NJ 07871_

Telephone Number _973-440-7465_

Fax Number *(if you have one)* _____

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Gebrial Rasmy
55 Whippoorwill Lane
Apartment F-H
Sparta, NJ 07871

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2015-02793 | Roxanne Zygmund, Investigator | (212) 336-3764 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Kevin J. Berry_ (signature)
Kevin J. Berry,
District Director

MAR 22 2016
(Date Mailed)

Enclosures(s)

cc: Dawn Siler-Nixon, Esq.
Ford & Harrison LLP
101 E. Kennedy Boulevard, Suite 900
Tampa, Florida 33602-5133

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABRIEL RASMY<br>55 Whippoorwill Lane<br>Sparta, New Jersey 07871<br><br>        Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.<br>d/b/a JW MARRIOTT ESSEX HOUSE<br>HOTEL<br>160 Central Park South<br>New York, NY 10019<br><br>        Defendant. | No.<br><br>**JURY TRIAL DEMANDED** |

## CIVIL COMPLAINT

Plaintiff Gabriel Rasmy (hereinafter referred as "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Marriott International, Inc. (hereinafter referred to as "Defendant").

## INTRODUCTION

1.　Plaintiff has initiated the instant action to redress Defendant's violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York Human Rights Law ("NYHRL"). Defendant violated Title VII and the NYHRL by subjecting Plaintiff to national origin and religious harassment, and then by firing Plaintiff for his complaints about the harassment, which included two complaints that Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division on Human Rights ("NYSDHR") before his termination.

1

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, specifically Title VII. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiff has exhausted all administrative remedies as required as a prerequisite to the filing of his instant Title VII and NYHRL claims.

## PARTIES

7. The foregoing paragraphs are incorporated herein as if set forth in full.

8. Plaintiff is an adult individual with an address as set forth above.

9. Defendant is a business located and doing business in New York at the address set forth above.

10. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein as if set forth in full.

12. On or about January 13, 1993, Defendant hired Plaintiff as a part-time Banquet Server.

13. Due to Plaintiff's excellent performance, in 1998 Defendant promoted Plaintiff to a full-time Banquet Server.

14. Plaintiff is Egyptian and practices the Christian faith.

15. Plaintiff worked for Defendant for nearly 20 years without issue.

16. In 2012, Plaintiff reported perceived wage theft by a few of his co-workers to his Human Resources Director, Karen Doherty (hereinafter "HR Doherty").

17. When HR Doherty did not respond to said report, Plaintiff reported the perceived wage theft, as well as HR Doherty's lack of response to his prior report of same, to Defendant's Corporate Office.

18. Shortly thereafter, HR Doherty told Plaintiff that she was upset that he had created "extra work" for her, and that "next time" she would fire him.

19. Following Plaintiff's reports to HR Doherty and the Corporate Office, Plaintiff's co-worker and union delegate, Estratue Stamatis, began harassing Plaintiff on the basis of his national origin and religion; Stamatis began calling Plaintiff, among other things, "camel," "mummy," "fucking Egyptian," and "fucking Christian." Stamatis also called Plaintiff a "rat" and coerced Plaintiff's co-workers to sign a petition to get Plaintiff fired.

20. Plaintiff reported same to Management and HR Doherty, but nothing was done to stop the harassment; the harassment thus continued.

21. In 2013, Plaintiff complained to Defendant of national origin and religious based harassment by Stamatis, and co-workers Sesskon Pongpanta and Tehrani Mehrani.

22. Also in 2013, Plaintiff (and a co-worker) filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") (which was dual-filed with the New York State Division on Human Rights ("NYSDHR")) against Defendant, alleging national origin and religious discrimination and harassment.

23. In 2014, Plaintiff complained to Defendant of national origin and religious based harassment by Stamatis, Pongpanta, and Mehrani.

24. In 2015, Plaintiff complained to Defendant of national origin and religious based harassment by Stamatis, Pongpanta, and Mehrani.

25. On or about May 21, 2015, Plaintiff filed a Charge of Discrimination with the EEOC (which was dual-filed with the NYSDHR) against Defendant, alleging national origin and religious discrimination and harassment, and retaliation.

26. Shortly thereafter, Stamatis called Plaintiff, among other things, a "fucking Christian," a "pretentious Christian," and "mummy"; Stamatis did so on multiple occasions.

27. Stamatis would also refer to Christians as "good Christians" and "alcoholic Christians."

28. In or around early June 2015, Plaintiff reported Stamatis' latest harassment to the Director of Plaintiff's department. The Director said there was "nothing [he] could do" about the harassment and the Director did not file a report on Plaintiff's behalf.

29. Stamatis' harassment of Plaintiff continued thereafter.

30. On or about June 29, 2015, Plaintiff emailed Defendant's Corporate Office detailing, among other things, Stamatis' religious and national origin harassment of him, and how

Management and HR Doherty were doing nothing to stop the harassment even though they were on notice of same.

31. Also in June 2015, Plaintiff filed a Second Charge of Discrimination with the EEOC (dual-filed with the NYSDHR) against Defendant, alleging national origin and religious discrimination and harassment, and retaliation.

32. During the months that followed, Stamatis, Pongpanta, and Mehrani continued unabated their harassment of Plaintiff.

33. Plaintiff continued to report same to Defendant, and Defendant continued to be non-responsive to the complaints.

34. Shortly after one of Plaintiff's complaints to Defendant, on or about May 9, 2016, Pongpanta spit in Plaintiff's face in retaliation for Plaintiff's complaints to HR about him.

35. Plaintiff reported same to Defendant's Management.

36. When Defendant's Management questioned Pongpanta, Pongpanta, for the first time, claimed that Plaintiff had spit at him, which was not true.

37. Defendant thereafter suspended Plaintiff for allegedly spitting at Pongpanta (which was not true), claiming that Plaintiff had exhibited hostility towards his co-worker (which was not true).

38. On or about May 24, 2016, Defendant fired Plaintiff.

39. The aforementioned conduct has caused damages to Plaintiff.

## COUNT I
### Violations of Title VII
### (National Origin/ Religious Discrimination/Harassment)

40. The foregoing paragraphs are incorporated herein as if set forth in full.

41. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of Title VII.

42. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of Title VII.

43. Title VII prohibits employers, such as Defendant, from discriminating against or harassing an employee on the basis of Defendant's national origin or religion.

44. Defendant failed to remedy the discrimination and harassment on the basis on Plaintiff's national origin and religion, to which Plaintiff was subjected, even after receiving notice of same.

45. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

## COUNT II
### Violations of Title VII
### (Retaliation – Wrongful Termination)

46. The foregoing paragraphs are incorporated herein as if set forth in full.

47. Complaints regarding national origin and religious discrimination and/or harassment constitute protected activities under Title VII.

48. Defendant subjected Plaintiff to harassment and discrimination in retaliation for his complaints regarding national origin and religious discrimination and harassment.

49. Defendant fired Plaintiff, at least in part, for his complaint of national origin and religious discrimination and harassment, including but not limited to his complaints to the EEOC;

said firing is another example of the retaliation that Defendant has imposed on Plaintiff, as alleged in Plaintiff's prior EEOC Charges.

50. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

## COUNT III
### Violations of NYHRL
**(National Origin/ Religious Discrimination/Harassment)**

51. The foregoing paragraphs are incorporated herein as if set forth in full.

52. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the NYHRL.

53. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the NYHRL.

54. The NYHRL prohibits employers, such as Defendant, from discriminating against or harassing an employee on the basis of Defendant's national origin or religion.

55. Defendant failed to remedy the discrimination and harassment on the basis on Plaintiff's national origin and religion, to which Plaintiff was subjected, even after receiving notice of same.

56. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

## COUNT IV
### Violations of the NYHRL
**(Retaliation – Wrongful Termination)**

57. The foregoing paragraphs are incorporated herein as if set forth in full.

58. Complaints regarding national origin and religious discrimination and/or harassment constitute protected activities under the NYHRL.

59.  Defendant subjected Plaintiff to harassment and discrimination in retaliation for his complaints regarding national origin and religious discrimination and harassment.

60.  Defendant fired Plaintiff, at least in part, for his complaint of national origin and religious discrimination and harassment, including but not limited to his complaints to the EEOC (which were dual-filed with the NYSDHR); said firing is another example of the retaliation that Defendant has imposed on Plaintiff, as alleged in Plaintiff's prior NYSDHR filings and/or as alleged herein.

61.  As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

(1)  Defendant is to be prohibited from discriminating or retaliating against anyone else on any basis forbidden by Title VII and the NYHRL;

(2)  Defendant is to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay and front pay;

(3)  Plaintiff is to be awarded damages for the pain, suffering, and humiliation caused by Defendant's actions;

(4)  Plaintiff is to be awarded punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

59.  Defendant subjected Plaintiff to harassment and discrimination in retaliation for his complaints regarding national origin and religious discrimination and harassment.

60.  Defendant fired Plaintiff, at least in part, for his complaint of national origin and religious discrimination and harassment, including but not limited to his complaints to the EEOC (which were dual-filed with the NYSDHR); said firing is another example of the retaliation that Defendant has imposed on Plaintiff, as alleged in Plaintiff's prior NYSDHR filings and/or as alleged herein.

61.  As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

(1)  Defendant is to be prohibited from discriminating or retaliating against anyone else on any basis forbidden by Title VII and the NYHRL;

(2)  Defendant is to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay and front pay;

(3)  Plaintiff is to be awarded damages for the pain, suffering, and humiliation caused by Defendant's actions;

(4)  Plaintiff is to be awarded punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

(5)     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

(6)     Plaintiff is to be awarded all other relief this Court deems just and proper.

Respectfully Submitted,

_____
GEBRIAL RASMY
Pro Se

Date:   June 17, 2016