```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/20/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Gebrial Rasmy,

                Plaintiff,

    –v–

Marriott International Inc. et al.,

               Defendants.

16-cv-4865 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

      The Court on November 23, 2021, granted Plaintiff counsel's motion to withdraw and, based on counsel's representation of irreconcilable differences, granted their request for a charging lien under New York law in the event that Mr. Rasmy recovers an award for his claims. Dkt. No. 213.  On December 16, 2021, Mr. Rasmy entered a pro se appearance in this case and filed two letters objecting to the charging lien and requesting that his former counsel be sanctioned.  Dkt. Nos. 215, 216.  These objections are DENIED without prejudice as premature. The Court will resolve them only after Mr. Rasmy obtains a monetary award for his claims.

      Additionally, the Court received by the attached motion to and memorandum by former Plaintiff's counsel requesting that Defendants be compelled to comply with Plaintiff's discovery demands, that Plaintiff be granted a protective order from Defendants' deposition notice, and that trial, tentatively scheduled for April 11, 2022, be expedited.  This motion was received after, and apparently mailed after, counsel withdrew from representing Mr. Rasmy.  The Court ORDERS Mr. Rasmy to submit a letter by January 4, 2022, stating whether he wishes to pursue any requests made in the motion.

A jury trial is tentatively scheduled for April 11, 2022. The Court will resolve the pending motions in limine, Dkt. Nos. 168, 173, and 178, in due course.

This resolves docket numbers 215 and 216.

The Clerk's office is respectfully directed to mail a copy of this order to Mr. Rasmy and note the mailing on the public docket.

SO ORDERED.

Dated: December 20, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

GEBRIAL RASMY
Plaintiff

v.

Marriott International Inc. , et al.
Defendants



No. 16-04865-AJN

---

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTIONS TO COMPEL, FOR A PROTECTIVE ORDER AND FOR AN EXPEDITED TRIAL

/s/ Jason L. Soltaroff
Jason L. Soltaroff, Esq.
Giskan Soltaroff & Anderson, LLP
90 Broad Street
10th Floor
New York, NY 10004

## MATERIAL FACTS AND PROCEDURAL POSTURE

Plaintiff respectfully submit this memorandum of law in support of its Motions to Compel, For A Protective Order And For An Expedited Trial. This case was originally filed on June 22, 2016. It was litigated for approximately two years, then a motion for summary judgment was granted for Defendants. Defendants did not claim at that time they needed any further discovery. This was appealed on October 26, 2018 and ultimately overturned on March 6, 2020 by the Second Circuit. Then several conferences ensued and Plaintiff requested limited discovery on September 16, 2020. This discovery was not substantively responded to, and a trial was eventually called to occur "the second quarter of 2021". Than, it was adjourned to "the third quarter of 2021." The court actually agreed with us on May 5, 2021 when it said, in part, "This case should now be trial ready and the Court urges counsel to enable the matter to proceed to resolution as expeditiously as possible." Apparently the delays in the trial were because opposing counsel and Plaintiff's counsel at the time could not finalize their paperwork. Then as of May 14, 2021, "The Court will request a jury trial date of October 4, 2021, for a two-week trial." The court also granted **Plaintiff's** motion to compel discovery. The court again agreed on June 22, 2021 to deny further discovery and denied extending the trial date. The court then denied Plaintiff's motion for discovery and granted, in part, Defendant's motion on July 2, 2021. Then on September 3, 2021, a letter was sent to the court, apparently from all counsel, to remove this case from the trial ready list. Plaintiff did not consent to this request. Nonetheless, it was granted. While it is appreciated that the court recognized that "Plaintiff expresses a "strong preference for the earliest trial date possible."" It is unclear why the case was adjourned again from February, 2022 to April, 2022. We request the court set the court date as early as possible, given the delay.

[INSERT FACTS FROM YOIUR CERTIFICATION HERE REGARDING MENTAL HEALTH ISSUES FOR DEPOSITION]

**LEGAL ARGUMENT**

A. <u>A Motion to Compel Should Be Granted</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure, as amended in December 2015, governs the scope of discovery in federal court cases. Under Rule 26(b)(1), a party is entitled to discover "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). "This rule is liberally construed and is necessarily broad in scope." *MacCartney v. O'Dell*, No. 14-CV-3925, 2018 WL 5023947, at *2 (S.D.N.Y. Oct. 17, 2018).

"Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial." *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (internal quotations and citations omitted). Still, even relevant information must be "reasonably proportional to the value of the requested information, the needs of the case, and the parties' resources." *Huggins v. Chestnut Holdings Inc.*, No. 18-CV-1037, 2019 WL 2616252, at *2 (S.D.N.Y. June 25, 2019) (citing *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 562 (S.D.N.Y. 2013) (internal citation omitted)). Proportionality, which "focuses on the marginal utility of the discovery sought," goes hand-in-hand with relevance, such that "the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *Vaigas*, 2016 WL 616386, at *14.

Rule 37(a) of the Federal Rules of Civil Procedures allows a party to "move for an order compelling disclosure or discovery" if "a party fails to produce documents" requested under Rule 34. FED. R. CIV. P. 37(a)(1), (a)(3)(iv). Any motion made under Rule 37(a) "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37 (a)(1). Similarly, Local Rule 37.3 requires the party seeking discovery to "attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with FED. R. CIV. P. 37(a)(1)." See Local Civil Rule 37.3. "Motions to compel are left to the court's sound discretion." Alvarado v. GC Dealer Servs. Inc., No. 18-CV-2915, 2018 WL 6322188, at *2 (E.D.N.Y. Dec. 3, 2018) (citing Mirra v. Jordan, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016); see also Liberty Mut. Ins. Co. v. Kohler Co., No. 08-CV-0867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court.").

In this case, Plaintiff has made demand on defendant for various videos and emails, see the specific request. (See Exhibit A – request for discovery). To date, Defendants have failed to produce this information. Even after the order from September 14, 2021 was entered, Defendants have failed to produce this information. Without it, Plaintiff will be heavily prejudiced in his case.

### B. A Motion For A Protective Order Should Be Granted

An order for a deposition has been issued that Plaintiff must appear on or before November 19, 2021, however there is no reasonable or necessary reason as to why a further deposition is needed. Further, such a deposition could cause unreasonable harm to Plaintiff, and as such, should not proceed.

"The party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Mamakos v. United Airlines, Inc.*, No. 14-CV-7294, 2018 WL 4861392, at *2 (E.D.N.Y. Sept. 28, 2018) (citations omitted); *seealso Citizens Union of City of New York v. Attorney Gen. of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017); ("The party seeking discovery bears the initial burden of proving the discovery is relevant."); *Mandell v. The Maxon Co., Inc.*, No. 06-CV-0460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance."). Once the requesting party has made a *prima facie* showing of relevance, "it is up to the responding party to justify curtailing discovery." *Fireman's Fund Ins. Co. v. Great American Ins. Co. of New York*, 284 F.R.D. 132, 134 (S.D.N.Y. 2012); *see also Winfield v. City of New York*, No. 15-CV-5236, 2018 WL 716013, at *4 (S.D.N.Y. Feb. 1, 2018) ("The party seeking discovery bears the initial burden of proving the discovery is relevant, and then the party withholding discovery on the grounds of burden, expense, privilege, or work product bears the burden of proving the discovery is in fact privileged or work product, unduly burdensome and/or expensive."). However, "[g]eneral and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Lindsey v. Butler*, No. 11-CV-9102, 2017 WL 4157362, at *3 (S.D.N.Y. Sept. 18, 2017) (quoting *Melendez v. Greiner*, No. 01-CV-7888, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003)).

Rule 26(b)(2)(C) allows the court, on motion or on its own, to limit the extent of discovery. In general, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F. 3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F. 3d 76, 103 (2d Cir. 2008)), *aff'd sub nom. Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250, 189 L.Ed. 2d 234 (2014); *Barbara v.*

*MarineMax, Inc.*, No. 12-CV-368, 2013 WL 1952308, at *3 (E.D.N.Y. May 10, 2013) ("Courts afford broad discretion in magistrates' resolution of discovery disputes.") (collecting cases).

Rule 26(c) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." FED. R. CIV. P. 26(c)(1). Any motion made under Rule 26(c) "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id*. Pursuant to Rule 26(c), the court may issue a protective order upon a showing of "good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. The party seeking a protective order bears the burden of demonstrating that good cause exists for the issuance of that order. *See Morrison v. Langrick*, No. 18-CV-6127, 2020 WL 1536336, at *2 (E.D.N.Y. Mar. 31, 2020) (citing *Dorsett v. County of Nassau*, 762 F. Supp. 2d 500, 514 (E.D.N.Y. 2011), *aff'd sub nom. Dorsett v. County of Nassau*, 730 F. 3d 156 (2d Cir. 2013)). "To show good cause, particular and specific facts must be established rather than conclusory assertions." *New Falls Corp. v. Soni,* No. 16-CV-6805, 2018 WL 895504, at *3 (E.D.N.Y. Feb. 13, 2018) (quoting *AMW Material Testing, Inc. v. Town of Babylon*, 215 F.R.D. 67, 72 (E.D.N.Y. 2003)); *see also Coggins v. Cty. of Nassau*, No. 07-CV-3624, 2014 WL 495646, at *2 (E.D.N.Y. Feb. 6, 2014).

"[I]f the movant establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." *Id*. (quoting *Hasbrouck v. BankAmerica Hous. Servs.,* 187 F.R.D. 453, 455 (N.D.N.Y.), *aff'd sub nom. Hasbrouck v. BankAmerica Hous. Servs., Inc.,* 190 F.R.D. 42 (N.D.N.Y. 1999); *see also Janfeshan v. U.S. Customs & Border Prot.,* No. 16-CV-6915, 2018 WL 741369, at *3 (E.D.N.Y. Feb. 7, 2018) ("Although the burden is on the movant to establish good cause, courts must balance the

interests of both parties in devising an order."). Ultimately, district courts "have substantial latitude" in determining whether to enter a protective order. Coggins, 2014 WL 495646, at *2 (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 26 (1984)); Dukes v. NYCERS, 331 F.R.D. 464, 473 (S.D.N.Y. 2019) ("Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.") (quoting Seattle Times, 467 U.S. at 26).

As such, Plaintiff is requesting the court to enter a protective order regarding the deposition of him, as it would cause an undue burden for him and greatly impact his mental health. There is already a doctor's statements regarding these issues. (See Exhibit B). For that reason, and because there is nothing further of probative value to be garnered by moving forward with this deposition that has not already been produced, and in addition to the reasons stated in Plaintiff's certification, the protective order regarding his deposition should be granted.

C. A Motion For Expedited Trial

Pursuant to F.R.C.P. 6(c)(1)(C), Plaintiff respectfully move this Court to expedite the trial in this matter. Given the time that has already elapsed in this case, pursuant to F.R.C.P. 40, this trial should be entitled to priority, and as such, the date for the trial should expedited. Based on NY CPLR § R3403 (2012), "Civil cases shall be tried in the order in which notes of issue have been filed, but the following shall be entitled to a preference: … 2. an action where a preference is provided for by statute; and 3. an action in which the interests of justice will be served by an early trial." This case should fall under either of those.

New York generally has statutes supporting speedy trials. Pursuant to CPL 30.30, 30.20; US Constitution 6th Amendment and section 12 of the New York Civil Rights Law, the state favors speedy trial grounds. While this law applies in a criminal matter, there is certainly a strong public

policy against unnecessary delays in a case. This case has gone on for **five years**. As can be seen in the material facts and procedural posture and incorporated here, there is no further reason for a delay in this case. As such, we ask the court the schedule the final pretrial conference and jury trial earlier than the current April deadlines, as that will push the case into it's 6th year.

## CONCLUSION

For the aforementioned reasons, this Court Plaintiff's Motions.

/s/ Joshua Thomas
Joshua L. Thomas and Associates
Joshua Thomas Esq.
225 Wilmington-West Chester Pike
Suite 200
Chadds Ford, PA 19317
Phone: (215) 806-1733
Email: JoshuaLThomas@gmail.com

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

GEBRIAL RASMY
    Plaintiff

v.

Marriott International Inc. , et al.
    Defendants

No. 16-04865-AJN

## CERTIFICATION OF SERVICE

Mark. A Saloman
Ford Harrison, LLP
300 Connell Drive, Suite 4100
Berkeley Heights, NJ 07822

    I, the undersigned attorney certify that I served a copy of this on Plaintiff, specifically:

    /s/ Jason L. Soltaroff
Jason L. Soltaroff, Esq.
Giskan Soltaroff & Anderson, LLP
90 Broad Street
10th Floor
New York, NY 10004

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

GEBRIAL RASMY
Plaintiff

v.

Marriott International Inc., et al.
Defendants

No. 16-04865-AJN

## NOTICE AND MOTION

PLEASE TAKE NOTICE that the undersigned will move this Court on or before December 8, 2021 at 9:30AM, or as soon thereafter as counsel may be heard, for an Order:

1) Compelling Defendant to comply with Plaintiff's discovery demands or, in the alternative, striking the Complaint of Plaintiff based upon its willful noncompliance with discovery, awarding Defendant the costs of this motion, and granting such other and further relief as this Court deems just and proper;

2) Granting a protective order against Defendant in regards to the Notice of Deposition oF Gebrial Rasmy; and

3) Setting an expedited trial date in this matter.

PLEASE TAKE FURTHER NOTICE that answering papers, if any, must be served within 21 days of the filing of this motion.

/s/ Jason L. Soltaroff
Jason L. Soltaroff, Esq.
Giskan Soltaroff & Anderson, LLP
90 Broad Street
10th Floor
New York, NY 10004

# EXHIBIT A