IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEBRIAL RASMY,<br><br>       Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.<br>d/b/a JW MARRIOTT ESSEX HOUSE NEW YORK, ESTRATUE STAMATIS, individually, KAREN DOHERTY, individually, SESSKON PONGPANTA, individually, and TEHRANI MEHRANI, individually,<br><br>       Defendants. | No: 16-cv-4865-JSR |

**DEFENDANTS' MOTION FOR DIRECTED
VERDICT AT THE CLOSE OF PLAINTIFF'S CASE**

    COME NOW Defendants, by and through their undersigned attorneys, and pursuant to FED. R. CIV. P. 50(a), and for their Motion for Directed Verdict at the close of Plaintiff's case, state as follows:

### I.    PRELIMINARY STATEMENT

    Per Hon. Jed S. Rakoff's instructions, Defendants hereby submit a written motion in support of their application for a directed verdict.

### II.    LAW AND ARGUMENT

    Plaintiff Gabriel Rasmy is asserting his termination was the result of discrimination based upon his national origin, race, and religion, retaliation for past complaints, and that his work environment was hostile, both in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), 42 U.S.C. § 1981, the New York State Human Rights Law, N.Y.

Exec. Law § 290, *et seq*. ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.* ("NYCHRL").

In order to make a *prima facie* case, Plaintiff must produce evidence to support each element of his claims. Here, at the close of Plaintiff's case, it is clear that there is insufficient evidence supporting Plaintiff's claims for discrimination, retaliation, and hostile work environment. Accordingly, Defendants respectfully request that its Motion for Directed Verdict be granted and judgment be entered in favor of Defendants.

On a motion for directed verdict motion, a judge may consider all evidence that has been admitted. FED. R. CIV. P. 50(a).

### A. Plaintiff Has Not Proven a *Prima Facie* Case of Hostile Work Environment or Discrimination.

Plaintiff must prove his *prima facie* case by a preponderance of the evidence—that it is more likely than not that he was discriminated against and harassed because of his race, religion and national origin.

Under Title VII and the NYSHRL, to establish that he was subjected to an unlawful hostile work environment, Plaintiff must demonstrate both that he subjectively perceived his work environment to be hostile and that, from an objective standpoint, the work environment was permeated with discrimination, intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of his employment. To succeed on his claim, Plaintiff must first prove, by a preponderance of the evidence, each of the following four (4) factors against Marriott:

(1) That he was intentionally subjected to unwelcome harassment by Marriott;

(2) That the harassment was based on his national origin or religion;

(3) That the harassment was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and Plaintiff, in fact, did perceive it to be so; and

    (4)    The harassment was sufficiently severe or pervasive so as to alter the conditions of Plaintiff's employment and create an abusive working environment.

*See., e.g. Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Alvarado v. Nordstrom, Inc.*, No. 16-971-cv, 2017 U.S. App. LEXIS 5426, at *2 (2d Cir. Mar. 29, 2017); *Sarkis v. Ollie's Bargain Outlet,* 560 F. App'x 27, 29 (2d Cir. 2014*)*;

Plaintiff has failed to prove these elements by a preponderance of the evidence. He failed to show that the harassment was more than mere stray remarks and petty slights. As such, he also has not met his burden under the NYCHRL.

Even if Plaintiff meets all of the four (4) elements above, he must establish that a basis exists for imputing the objectionable conduct to Marriott. Plaintiff failed to show that the Defendants Tehrani, Efstratiou, and Pongpanta had authority to hire or fire Plaintiff, and, as such, the conduct cannot be imputed to Marriott.

To succeed on his discrimination claims, Rasmy must first state a *prima facie* case by proving by a preponderance of the evidence that he (1) fell within a protected group; (2) held a position for which he was qualified; (3) was discharged; and (4) the discharge occurred under circumstances giving rise to an inference of discrimination. *See Brown v. Daikin Am. Inc.*, 756 F.3d 219, 228 (2d Cir. 2014). Rasmy has failed to show that his termination was due to discrimination.

If Plaintiff can establish his *prima facie* case (which he has not), then the burden shifts to Defendants under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). This standard applies to claims under Title VII claims and under § 1981 and NYSHRL. *See Johnson v. J. Walter Thompson U.S.A., LLC*, 224 F. Supp. 3d 296 n.2 (S.D.N.Y. 2016). Defendants must then provide a legitimate, non-discriminatory reason for its actions. *Balk v. N.Y. Inst. of Tech.*, No. 16-984-cv,

2017 U.S. App. LEXIS 5250, at *5 (2d Cir. Mar. 23, 2017).  If Marriott makes this minimal showing, "the burden returns to the plaintiff to show that the real reason for plaintiff's termination was his race and national origin [and religion]." *Id.*  Rasmy must offer "not simply some evidence, but sufficient evidence to support a rational finding" that Marriott's reasons were false and that "more likely than not discrimination was the real reason for the employment action." *Id.* at *5–6 (quotations omitted) (quoting *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000)).

The NYCHRL also requires Rasmy to adduce evidence he was "treated less well at least in part *because of*" his protected characteristic.  *Pena-Barrero v. City of N.Y.*, No. 14-CV-9550 (VEC), 2017 U.S. Dist. LEXIS 47983, at *24–25 (S.D.N.Y. 2017) (emphasis in the original) (quoting *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013)); *see also Whitley v. Montefiore Med. Grp.*, No. 13CV4126-LTS, 2016 U.S. Dist. LEXIS 42584, at *22 (S.D.N.Y. Mar. 30, 2016) (stating that "a plaintiff must … show that []he was treated differently from others in a way that was more than trivial, insubstantial, or petty").

As stated, Rasmy has no evidence his termination related to a protected characteristic or that Marriott's legitimate, non-discriminatory reason for terminating him was pretextual. Therefore, the Court should also dismiss Rasmy's disparate treatment claim under the NYCHRL. *See e.g.*, *Joseph v. Owens & Minor Distribution*, 5 F. Supp. 3d 295, 321 (E.D.N.Y. 2014)

### B. Plaintiff has Failed to Prove a *Prima Facie* Case of Retaliation.

Plaintiff must prove by preponderance of the evidence "that retaliation for his participation in a protected activity was a motivating factor" in his termination.  *Hill v. Airborne Freight Corp.*, 212 F. Supp. 2d 59, 69 (E.D.N.Y. 2002), aff'd, 93 F. App'x 260 (2d Cir. 2004)

To establish a *prima facie* case for retaliation under Title VII, 42 U.S.C. § 1981, and NYSHRL, Rasmy must show (1) his participation in a protected activity; (2) Marriott's knowledge

4

of that activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action. Retaliation claims under NYSHRL, § 1981, and Title VII are analyzed in the same manner. *See Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013); *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010); *Adams v. Yale New Haven Hosp.*, 558 F. App'x 72, 74 (2d Cir. 2014).

As to the fourth element, the jury must then decide whether there was a "causal connection between [Plaintiff's] protected activities and any disciplinary action taken against him" by Marriott. A causal connection means that Plaintiff's protected activity was a "motivating factor" in the imposition of the disciplinary action. *Hill v. Airborne Freight Corp.,* 212 F. Supp. 2d 59, 69 (E.D.N.Y. 2002), aff'd, 93 F. App'x 260 (2d Cir. 2004).

Plaintiff has failed to prove that his complaints to Marriott regarding discrimination based on race, religion, or national origin were a motivating factor in Marriott's decision to terminate him.

### C. Plaintiff's Witness, Lubos Naprstek, is Not Credible.

Plaintiff's entire case rests on the fact that he made numerous complaints to Marriott and that his complaints were allegedly brushed aside. The only witness he proffered to support these allegations was Lubos Naprstek. However, Mr. Naprstek all but admitted to lying when he made these complaints and is wholly unreliable based on his testimony at trial. As Mr. Naprstek is not a credible witness, his statements should be disregarded by the court. *See Bose Corp. v. Consumers Union of United States, Inc.,* 466 U.S. 485, 512, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984). As such, Plaintiff cannot prove his case by a preponderance of the evidence, and the Court should grant Defendants' motion for a directed verdict.

### III.  CONCLUSION

Based on the evidence before this Court at the close of Plaintiff's case, Plaintiff has failed to satisfy the elements necessary to make out a *prima facie* case of discrimination, hostile work environment, and retaliation.

**WHEREFORE**, Defendants respectfully request that the Court enter an order granting Defendants' Motion for Directed Verdict at the close of Plaintiff's case.

>Respectfully submitted,
>
>FORDHARRISON LLP
>
>/s/ *Mark A. Saloman*
>Mark A. Saloman, Esq.
>300 Connell Drive, Suite 4100
>Berkeley Heights, New Jersey 07922
>msaloman@fordharrison.com
>(973) 646-7305 - *Phone*
>
>Heidi L. Eckert, *pro hac vice*
>7777 Bonhomme Avenue, Suite 1710
>St. Louis, Missouri 63105
>(314) 257-0303 - *Phone*
>(314) 257-0321 – *Facsimile*
>heckert@fordharrison.com
>
>*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served by the Court's electronic filing system on March 22, 2023, on counsel of record.

>/s/ *Mark A. Saloman*