UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEBRIAL RASMY, Plaintiff, -v- MARRIOTT INTERNATIONAL, INC., et al. Defendants. | 16-cv-4865 (JSR) |
| MICHAEL DIEDERICH, JR., Plaintiff, -v- FORD HARRISON LLP, et al., Defendants. | 26-cv-2132 (JSR) MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

On August 3, 2026, the Court issued an Opinion & Order in these consolidated cases granting Diederich's motion for a charging lien in the amount of $70,000 in case number 16-cv-4865 and granting defendants' motion to dismiss case number 26-cv-2132. The Court is now in receipt of a motion for reconsideration from Diederich, asking the Court to reconsider the amount of his charging lien, to unseal the settlement-related information entered under seal on the docket, and to stay the Clerk's distribution of the escrowed funds.

Because the motion for reconsideration does not identify any controlling decisions or material facts overlooked by the Court, but instead seeks to relitigate issues already presented and decided, the motion is denied. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257

(2d Cir. 1995); Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). In deciding the motion that led to the Opinion & Order, the Court, as instructed by the Second Circuit, carefully weighed the Smith factors, and took note of the Second Circuit's admonition that "the overriding criterion for determining the amount of a charging lien is that it be 'fair.'" Sutton v. New York City Transit Auth., 462 F.3d 157, 161 (2d Cir. 2006) (quoting Cohen v. Grainger, Tesoriero & Bell, 602 N.Y.S.2d 788, 790 (1993)). The Smith factors are not a rigid checklist; nor is any factor assigned any specific weight in the court's analysis. They are merely examples of the sorts of factors that the court should consider in determining the "fair and reasonable value of the services" rendered. Rasmy v. Diederich, No. 24-3117-cv, 2025 WL 3552719, at *4-*5 (2d Cir. 2025) (discussing the Smith factors). At bottom, Diederich simply disagrees with the Court's analysis and weighing of those factors. But he does not identify any legal defect in the Court's approach.[1]

As for the sealing issue, Diederich does not explain why this issue, which was decided at a February 19, 2026, conference, is properly raised on a motion for reconsideration of an Opinion & Order

---

[1] Diederich's contention that the lien amount must be reconsidered because of a factual error in the Court's analysis is also unsupported by the record. Diederich argues that the Court erroneously stated that the percentage fee set forth in the retainer agreement was 30 percent, rather than 33 1/3 percent. But the Court's Opinion & Order said no such thing. To the contrary, the Court explained that "[h]ad Rasmy settled for the amount Diederich urged him to, Diederich's contingency fee would have been $83,333." ECF No 354 at 9. That number represents 33 1/3 percent of the settlement amount that Diederich urged Rasmy to accept.

that was issued many months later, and which did not directly address the question of sealing. But, in any event, the reasons Diederich gives for unsealing are unpersuasive. To be sure, this Court strongly agrees with Diederich that public access to judicial documents is of great importance and that sealed filings are therefore disfavored. It is for that very reason that the Court discussed in its Opinion & Order all aspects of the settlement agreement relevant to its analysis and did not seal any portion of the Opinion & Order.

Indeed, Diederich's primary complaint is that the final settlement amount remains under seal. But, as the Court explained in its Opinion & Order, that number simply is not relevant to its analysis given that "Diederich was not involved in those negotiations" and thus "[a]ny increase in Rasmy's recovery beyond the settlement offer Diederich urged him to accept . . . plainly was not attributable to Diederich's efforts or the result of any contribution Diederich made to the case." ECF No. 354 at 10-11. Diederich therefore has not explained how the continued sealing of the final settlement amount meaningfully prevents the public from understanding and evaluating the exercise of judicial power in this case. Cf. Gambale v. Deutsche Bank AG, 377 F.3d 133, 143 (2d Cir. 2004) (recognizing a weak presumption of public access in settlement documents, particularly when the settlement itself was conditioned on confidentiality, "[i]f nothing else," because "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage").

Finally, however, the Court agrees with Diederich that staying distribution of the escrowed funds through any timely appeal is appropriate. Accordingly, the Clerk of Court is directed to preserve the entire $100,000 and all earnings until either the time to appeal expires or any such appeal is resolved by the Second Circuit.

For the reasons set forth above, the motion for reconsideration is denied, but the distribution of the funds is stayed. The Clerk of Court is respectfully directed to close the motion at docket numbers 356 and 358 in case number 16-cv-4865 and at docket number 53 and 55 in case number 26-cv-2132.

SO ORDERED.

New York, New York
August 21, 2026

JED S. RAKOFF, U.S.D.J.